The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion on three questions involving speed limits on county roads. Your three questions are as follows:
 1. Does the county quorum court have the authority to establish speed limits on county roads which are not a part of the State Highway System?
2. If the county quorum court does not have that power, who does?
 3. If speed limits are established on one county road, must they be established on all county roads?
It appears that none of your three questions are addressed by any Arkansas statute or Arkansas case law. There are statutes which govern the setting of speed limits on highways in the state highway system (see A.C.A. §§ 27-51-201 through -214 (Repl. 1994)), and which allow local authorities to in some instances alter these limits. These statutes, however, do not apply to county roads. The general statutes addressing the state highway system make plain, however, that they:
 . . . shall not be construed as divesting the county court of any of its original jurisdiction over the roads granted by the Constitution. . . . If any action required to be done under this act would interfere with the jurisdiction of the county court over roads conferred by the Constitution, it shall be implied that it may be done on order of the county court or proper orders of superior courts on appeal.
A.C.A. § 27-67-102 (Repl. 1994). See also A.C.A. § 27-66-101(d) (stating that contracts between the State Highway Commission and counties for maintenance of county roads shall not remove from the county court exclusive jurisdiction over the roads within the county).
As can be seen from the language above, the Arkansas statutes governing the state highway system do not govern county roads. These statutes recognize the exclusive jurisdiction of the "county court" over county roads. Since the adoption of Amendment 55 to the Arkansas Constitution, however, this jurisdiction is placed in the "county judge." See Amendment 55, § 3 (giving the county judge the power to "operate the system of county roads"). The legislation implementing Amendment 55 provides that the county judge shall, in an executive capacity, and not by order of the "county court" "be responsible for the administrative actions affecting the conduct of a plan of public roadways . . . throughout the unincorporated areas of the county. . . ." See A.C.A. §14-14-1102(b)(1). It is my opinion, in response to your first two questions, that in light of Amendment 55 and the statutes cited above, the power to set speed limits on county roads is vested in the county judge, and not in the quorum court.
In response to your third question, I can find no law which governs whether a speed limit must be set on all county roads if set on one road. It is my opinion, absent any specific law on the question, that this is a decision within the discretion of the county judge.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh